IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCOTRADING, LTDA.** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **MSC MEDITERRANEAN SHIPPING COMPANY, S.A., et al.** | : | NO. 2:23-cv-01218-MRP |
| | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW,** this 29th day of March, 2024, upon consideration of the Amended Complaint (ECF No. 4) and the Bills of Lading (attached hereto as Exhibit A and Exhibit B),[1] it is hereby

---

[1] District courts may consider documents that form the basis of a complaint, even when those documents are not attached to the complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that courts may consider a "document *integral to or explicitly relied* upon in the complaint" and "what is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." (emphasis in original)). Plaintiff avers that the transport of the shipments at issue was governed by the bills of lading and attaches a portion of the bills of lading as Exhibit B. Amend. Compl. ¶¶ 5-8, Ex. B. Throughout the Amended Complaint, Plaintiff relies on the bills of lading in support of its claims. *See, e.g., id.* ¶ 11 (alleging Plaintiff is able to "recover[] under the bills of lading[.]"); *id.* ¶ 12 (acknowledging the bills of lading "cover" the "cargo in question").

Notwithstanding this reliance, Plaintiff fails to attach the entire bills of lading, including its terms and conditions, to the Amended Complaint. The bills of lading's full terms and conditions are publicly available on Defendants' website and were relied upon and introduced in the other cases related to this action. *See, e.g.,* MSC Terms & Conditions, https://www.msc.com/en/carrier-terms (last visited Mar. 29, 2024); *Frutera Agrosan Export SPA v. MSC Mediterranean Shipping Co. S.A.*, No. 2:23-cv-00885-MRP (ECF No. 25-1). Accordingly, the Court is entitled to "examine[] . . . the full context of the document[.]" *In re Burlington*, 114 F.3d at 1426.

**ORDERED** that the Clerk of Court is **DIRECTED** to **TRANSFER** the above-captioned case to the United States District Court for the Southern District of New York.[2]

BY THE COURT:

_____
Hon. Mia R. Perez

---

[2] District courts have broad discretion to direct the *sua sponte* transfer of a civil action to a different venue. *See* 28 U.S.C. §§ 1404(a) and 1406(a); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3rd Cir. 2020). A review of the bills of lading reveals a mandatory forum selection clause, requiring all lawsuits for journeys to and from and the United States to be filed in the Southern District of New York. Exs. A & B, Section 10.3. "Forum selection clauses are presumptively valid and should be enforced unless they are unreasonable[.]" *Kilduff v. Jayco, Inc.*, No. 5:23-cv-00470, 2023 WL 3361187 at *3 (E.D. Pa. May 10, 2023). Because there is no evidence of fraud, overreach, or serious inconvenience, the forum selection clause is enforceable. Indeed, none of the parties are Pennsylvania residents and enforcement of forum selection clauses is "consistent with the public policy of Pennsylvania[.]" *Id.*; Amend. Compl. ¶¶ 1, 13

When mandatory forum selection clauses are at play, courts need only assess the public interests protected by Section 1404(a). *Maguire Ins. Agency, Inc. v. Amynta Agency, Inc.*, No. 21-4664, 2021 WL 5987318 at *4-5 (E.D. Pa. Dec. 17, 2021). Typically, "a controlling forum selection clause is enforced in all but the most 'unusual cases' where public interest factors have particularly significant weight." *Id.* at *7. This case is not unusual. There is no indication that transferring this case would lead to challenges enforcing a judgment or administrative difficulties. Moreover, the alleged damage occurred in Pennsylvania and New Jersey, and neither of the parties are Pennsylvania residents. Amend. Compl. ¶¶ 1, 4, 13. As such, this Court will transfer this case to the United States District Court for the Southern District of New York.